UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REDWOOD HILL FARM & CREAMERY, INC.,

    Plaintiff,

    v.

BARRY-WEHMILLER DESIGN GROUP, INC.,

    Defendant.

Case No. 16-cv-03200-JST

**ORDER GRANTING MOTION TO REMAND**

Re: ECF No. 12

Before the Court is Plaintiff Redwood Hill Farm and Creamery, Inc.'s ("Redwood Hill") Motion to Remand. ECF No. 12. The Court will grant the motion.

## I.   BACKGROUND

In 2013, Redwood Hill contracted with Defendant Barry-Wehmiller Design Group, Inc. ("Design Group"), an engineering consulting firm, to provide services and equipment to upgrade Redwood Hill's production facility located in Sonoma County, California. ECF No. 1 at 12. Dissatisfied with Design Group's work, Redwood Hill sued Design Group in Sonoma County Superior Court for (1) breach of contract; (2) negligence; (3) breach of express and implied warranty; (4) fraud; (5) concealment; (6) negligent misrepresentation; and (7) unlawful business practices under the California Business and Professions Code section 17200. ECF No. 1 at 10.

On June 10, 2016, Design Group removed the action to this Court based on diversity jurisdiction. ECF No. 1 at 3. Redwood Hill filed a motion to remand on June 30, 2016, relying on two paragraphs in the underlying contracts, which allegedly permit litigation related to the contracts only in Sonoma County Superior Court.[1] ECF No. 12. Paragraph 18(4)(a), entitled

---

[1] Design Group performed construction for Redwood Hill under two separate written contracts containing identical versions of the disputed provisions. ECF No. 12 at 6.

"Legal Action," provides, in relevant part:

> Owner and Contractor agree that jurisdiction for any legal action shall be the Sonoma County Superior Court for the State of California.

ECF No. 1 at 35. Paragraph 24, entitled "Venue and Jurisdiction," provides:

> Any legal proceeding arising from this contract shall be brought only in a court of competent jurisdiction in the county in which the construction is being performed.

Id.

## II.   LEGAL STANDARD

In diversity cases, federal law governs the enforceability and interpretation of forum selection clauses. Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 513 (9th Cir. 1988) (citing The Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972)). In interpreting a forum selection clause, "we look for guidance to general principles for interpreting contracts." Doe 1 v. AOL LLC, 552 F.3d 1077, 1081 (9th Cir. 2009) (internal quotation marks omitted). "[A] forum selection clause is 'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances.'" Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 279 (9th Cir. 1984) (quoting The Bremen, 407 U.S. at 10). "A district court may remand a case to state court to effectuate a forum selection clause." Calisher & Assocs, Inc. v. RGCMC, LLC, Nos. 08-cv-06523-MMM, 08-cv-06540-MMM, 2008 WL 4949041, at *2 (C.D. Cal. Nov. 17, 2008); see also Pelleport, 741 F.2d at 275, 281 (affirming district court's remand to state court based on a forum selection clause).

## III.  ANALYSIS

### A.   Motion to Remand

The parties dispute the meaning of the forum selection clauses in paragraphs 18(4)(a) and 24 of the underlying contracts. Redwood Hill contends that these two clauses mandate exclusive jurisdiction in the Sonoma County Superior Court. Design Group disagrees. First, Design Group argues that the relevant language in paragraph 18(4)(a) is permissive, not mandatory. ECF No. 21 at 5–8. Second, Design Group contends that this district court meets paragraph 24's requirement that legal action be brought in "a court of competent jurisdiction in Sonoma County" because the

1  Northern District of California encompasses Sonoma County. ECF No. 21 at 10–13. As a result,
2  Design Group argues that the contracts permit litigation in state court but do not require it.

3        Redwood Hill has the better argument. Paragraph 24, the "Venue and Jurisdiction"
4  provision, states that "[a]ny legal proceeding arising from this contract shall be brought only in a
5  court of competent jurisdiction in the county in which the construction is being performed." ECF
6  No. 1 at 35. The parties do not dispute that this clause is mandatory, as it provides that legal
7  proceedings "<u>shall</u> be brought <u>only</u> in a court of competent jurisdiction in the county in which the
8  construction is being performed." ECF No. 13-2 at 5 (emphasis added). The parties also do not
9  dispute that because Design Group's work was to be performed in Sonoma County, Paragraph 24
10 provides in essence that "[a]ny legal proceeding arising from this contract shall be brought only in
11 a court of competent jurisdiction in [Sonoma County]." ECF No. 1 at 35. Thus, the crux of the
12 issue is whether this Court, a federal district court located in San Francisco, California, "qualifies
13 as a court of competent jurisdiction [in Sonoma County] when there is no appropriate federal
14 courtroom located within the physical boundaries of Sonoma County." ECF No. 21 at 10.

15       Redwood Hill argues that "a federal court is not located 'in' a county over which it
16 exercises jurisdiction if there is no federal courthouse located in that county." ECF No. 22 at 9.
17 Redwood Hill relies on the Ninth Circuit's decision in <u>Simonoff v. Expedia, Inc.</u>, 643 F.3d 1202
18 (9th Cir. 2011) for the proposition that the physical location of a federal courthouse crucial in
19 determining whether a federal court is "in" a county. <u>See id.</u> at 1206–07 ("When a federal court
20 sits in a particular county, the district court is undoubtedly 'in' that county" for purposes of a
21 forum selection clause vesting "'exclusive jurisdiction and venue' in the courts 'in' a county.").
22 However, <u>Siminoff</u> is not dispositive because <u>Siminoff</u> did not decide whether a federal district
23 court physically located in one county could also be considered to be "in" another county over
24 which the district court also has jurisdiction. Rather, Siminoff simply held that "a forum selection
25 clause that vests 'exclusive jurisdiction and venue' in the courts 'in' a county provides venue in
26 the state and federal courts located in that county." 643 F.3d at 1207.

27       Nonetheless, the Court concludes that the weight of authority in this Circuit supports the
28 proposition that in construing a forum selection clause, a federal district court cannot be

considered to be "in" a county over which the district court has jurisdiction, but in which the district court does not have a physical presence. See FCE Benefit Administrators, Inc. v. Training, Rehab., & Dev. Inst., Inc., No. 15-cv-01160-JST, 2015 WL 2173744, at *2 (N.D. Cal. May 7, 2015) ("Because the clause mandates that 'venue . . . will be San Mateo County, California,' and there is no federal courthouse in San Mateo County, the Court also concludes that the clause unambiguously requires that disputes under the agreement be resolved in San Mateo County Superior Court."); Stone v. County of Lassen, No. 12-cv-01946-MCE, 2013 WL 269085, at *3 (E.D. Cal. Jan. 23, 2013) ("A forum selection clause stating that venue 'shall be in' a particular county means that venue lies in state court when there is no federal court in that particular county – even though that county may be part of a judicial district whose courthouse lies elsewhere."); Gold Canyon Mining & Const., LLC v. Robinson Nevada Mining Co., No. 11-cv-00095-LRH, 2011 WL 6400295, at *1 (D. Nev. Dec. 20, 2011) (concluding that forum selection clause providing that any dispute arising under the contract "shall be decided by a court of competent jurisdiction in Ely, Nevada," required adjudication in state court "because there is no federal courthouse located in Ely, Nevada"); Air Ion Devices, Inc. v. Air Ion, Inc., No. 02-cv-1717-SI, 2002 WL 1482665, at *2–3 (N.D. Cal. July 5, 2002) (forum selection clause stating that "any action . . . shall be brought in the County of Marin, State of California" established that action should be remanded to Marin County Superior Court " because there is no federal court in Marin County" ); but see Merrell v. Renier, No. 06-cv-404, 2006 WL 1587414, at *2 (W.D. Wash. June 6, 2006) (holding that "a forum selection clause that mandates venue 'in the county of residence of the non-breaching party,' does not "prohibit filing or removing an action in a federal district court that encompasses the county, but has no courthouse within the county").[2]

---

[2] Courts in other Circuits have likewise disagreed on this issue. Compare Yakin v. Tyler Hill Corp., 566 F.3d 72, 76 (2d Cir. 2009) (holding that remand to state court was proper because "[a] reasonable person reviewing the statement 'It is agreed that the venue and place of trial of any dispute that may arise out of this Agreement . . . shall be in Nassau County, New York,' would necessarily conclude that the parties intended that litigation take place in an appropriate venue in Nassau County" and there was no "federal court located in Nassau County at the time of th[e] litigation"), with Nahigian v. Juno-Loudoun, LLC, 661 F. Supp. 2d 563, 568 (E.D. Va. 2009) (noting that "a split of authority exists on the following issue: whether a forum selection clause that sets jurisdiction in a particular county—but not a particular court system—gives jurisdiction

Design Group's arguments to the contrary are unpersuasive.  In particular, the Court finds Project Development Group, Inc. v. Sonoma County Junior College District, the principal case relied on by Design Group, ECF No. 21 at 10–12, distinguishable because the forum selection clause in that case included an express reference to federal court.  No. 07-cv-02987-WHA, 2007 WL 2518034 (N.D. Cal. Aug. 31, 2007), at *1 ("The agreement contained a forum-selection clause stating that 'venue shall be with the appropriate state or federal court located in Sonoma County, California.'") (emphasis added); see also id. ("Even though there is no appropriate federal district courthouse literally in Sonoma County, the inclusion of language supporting federal court as an appropriate venue supports the interpretation that our district is an appropriate forum."); Guenther v. Crosscheck Inc., No. 09-cv-01106-WHA, 2009 WL 1248107, at *4 (N.D. Cal. Apr. 30, 2009) (distinguishing Project Development Group because it "concerned a[] . . . forum-selection clause that expressly referred to 'the appropriate state or federal court located in Sonoma County.'" (emphasis in Guenther)).  Here, no such express reference to federal court is present in paragraph 24.

Ultimately, the Court concludes that the forum selection clause in paragraph 24 is mandatory, exclusive, and unambiguous, requiring that disputes will be resolved in Sonoma County Superior Court.  The fact that paragraph 18(4)(a) provides that "jurisdiction for any legal action shall be the Sonoma County Superior Court for the State of California" only reinforces the Court's conclusion.[3]

### B. Attorneys' Fees

Redwood Hill moves for attorney's fees.  Courts may award attorney's fees where the removing party lacked an objectively reasonable basis for seeking removal.  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  Because Design Group raised legitimate arguments for

---

to the federal district court that encompasses but is not located in the county," and denying a motion to remand in such circumstances).

[3] Because the contracts' language is unambiguous, the Court need not consider Design Group's arguments that:  (1) ambiguous contract language should be construed against the drafter, Redwood Hill; and (2) Redwood Hill's alleged rejection of a proposed exclusive jurisdiction clause during contract negotiations means that the two disputed paragraphs are permissive.  ECF No. 21 at 13–14.

its interpretation of the forum selection clauses, based on relevant cases in this Circuit, the Court concludes that attorney's fees are not warranted.

## CONCLUSION

Redwood Hill's motion to remand is granted.  The action is remanded to the Sonoma County Superior Court.  Redwood Hill's request for attorneys' fees is denied.

IT IS SO ORDERED.

Dated:  September 9, 2016



JON S. TIGAR
United States District Judge